TATE, Judge.
Defendants appeal from judgment recognizing and maintaining plaintiff in possession of a certain narrow slice of land on her northerly boundary. On a previous appearance before this court, the opinion in which fully sets forth the facts hereof. 67 So.2d 310, we remanded “this case for a new trial”, 67 So.2d 316. The application for rehearing had pointed out that certain evidence upon which we relied in our original opinion had been filed in the record subsequent to the trial court’s judgment.
As we noted in our original opinion, this case originated as a possessory action. Plaintiff claimed that defendants, her northerly neighbors, had encroached immediately prior to suit upon certain property which had been possessed by herself and her ancestors in title for many years. In that opinion, 67 So.2d 310, we noted that under the record as then made up, the ■question of possession had passed from the case since no evidence as to same had been educed; although we specifically found no stipulation to this effect in the record.
Upon the remand, defendants unsuccessfully urged before the trial court (which was composed of a different judge than the original trial judge) that by stipulation and agreement of counsel the action had been converted from a possessory action (i. e., one instituted simply to recognize possession under Article 46 et seq., Code of Practice) into an action to establish title.
Able counsel for defendants chiefly relies upon this ground in urging reversal of the District Court judgment. The District Court maintained plaintiff in possession of the strip of land, as having satisfied the requirements of a possessory action under Article 49, C.P. Petitioner proved her possession of the property for at least several years prior to defendants’ encroachment thereupon shortly before suit by erecting a fence from approximately 25' (at its eastern end) to approximately one foot (at its western end) southerly of a very old fence recognized by plaintiff and previous owners of both tracts of land as the boundary thereof.
More or less conceding plaintiff’s possession, defendants argue that since the original possessory action had thus been converted into a boundary or title action, the boundary should be fixed according to the Blakewood survey relied upon by defendants-appellants, which fixed the disputed boundary line according to an 1879 survey in the chain of title; rather than along the old fence line claimed by plaintiff to be the correct boundary.
The District Court pointed out that the stipulations and agreements allegedly converting this possessory action into a title or boundary suit do not form any part of the record before it (and now before us). Therefore, upon the remand, since this appellate court had granted a new trial, the trial court ruled “that this case be tried entirely as an original proceeding * * * as a possessory action as indicated by the original pleadings.” (Defendants do not claim surprise, as the new trial on the merits took place approximately a year after the District Court’s order on the remand maintaining these proceedings as a possessory action.)
We think the District Court’s ruling was correct: “Whether the decision of the appellate court necessitates a new trial after remand depends on the intention of the appellate court, any doubt as to which is usually resolved in favor of a new trial,” 5 C.J.S. Appeal and Error § 1986, p. 1547. “If the appeal is taken generally from the entire judgment of the lower court, a reversal and remand for a new trial, without any limitations of issues being specified, is usually held to vacate completely the judgment of the lower court and open the whole case up for a new trial as to all issues,” 5 C.J.S. Appeal and Error § 1989, p. 1550.
The pleadings show that this suit was instituted as a possessory action, in which the evidence is limited to the facts of posses *444 sion. Article S3, Code of Practice. A possessory action cannot be converted into a petitory (title) action except by consent of both parties. Article SS, C.P.
The record notes that certain pre-trial conferences were held prior to the initial trial and that subsequent thereto certain stipulations were entered into, admitting into evidence the surveys and the chain of title deeds of the parties hereto. While the evidence thus stipulated is certainly indicative that both counsel had reached some informal agreement that the initial trial would consider the question of title, we find no stipulation or other agreement in the record converting this action from a pos-sessory into a title or a boundary suit.
As an indication of the difficulty of sustaining defendants’ position that by stipulation the question of title rather than possession is before us:
If indeed the issue of this action had been converted from possession to title, then the evidence introduced after the remand upon the second trial certainly raises a serious question of acquisitive prescription in favor of plaintiff, plaintiff having filed such pleas in this court. But defendant urges that we are unable to consider such pleas because of an alleged stipulation before the initial trial that prescription was not a matter at issue, which alleged stipulation again is not incorporated in the record.
The District Court correctly concluded that the new trial on the remand should not be governed by unrecorded stipulations or agreements entered into for purposes of the first trial allegedly limiting the issues as to the first trial, the exact limitations or purposes of which could not be known by it or by reviewing tribunals.
The record does not admit of serious dispute that for at least several years prior to this suit and to defendants’ encroachment upon the strip of land in question, plaintiff had possessed the same and therefore is entitled to judgment maintaining her possession thereof, in accordance with the prayer of her petition.
For the above and foregoing reasons, the judgment of the District Court herein is affirmed, all costs hereof to be paid by defendants-appellants.
Affirmed.