HARDY, Judge.
This is a possessory action which was instituted by plaintiff, praying for restoration to the possession and enjoyment of his property, allegedly disturbed by defendant’s action in erecting a fence on a portion thereof, and for further judgment ordering defendant to remove said fence. From judgment in favor of plaintiff, as prayed, the defendant has appealed.
As the basis for his suit plaintiff’s petition, which was filed April 10, 1957, alleged the actual, corporeal, peaceful and continuous possession of the described property as owner since the year 1938; the existence of a visible boundary in the nature of a fence between the estates of plaintiff and defendant over a period of 35 years, together with his possession and active cultivation of the land up to said fence line; the construction and erection of a new fence by the defendant in or about April 6 and 7, 1957, which action physically disturbed and interfered with the possession of plaintiff and the use and enjoyment of some four acres of the property which he had theretofore used, possessed and cultivated. Defendant filed an answer admitting the construction of the fence complained of by plaintiff and setting up a claim of ownership and title in evidence thereof which had the effect of an attempt to convert the suit into a petitory action. Following trial of the case on the merits defendant filed an exception of no right and no cause of action predicated upon the contention that plaintiff had failed to prove his possession of the property in question, as owner. Before this court counsel elaborates the ground for the exception by urging plaintiff’s failure to identify the property possessed with the property covered by plaintiff’s deeds of title.
The essential elements of the possessory action are specifically set forth in Article 49 of the Code of Practice, which requires the party bringing such action to establish actual possession, quietly and without interruption, for a period of more than a year prior to the disturbance; the occurrence of a real disturbance, and the bringing of the suit within the year within which the disturbance took place. All of these requirements have been meticulously fulfilled by plaintiff in the instant case.
The article further provides that the nature of a plaintiff’s possession, even if it be that of a usurper, is of no moment in the face of the showing of the factual circumstances above noted.
On trial the defendant himself admitted plaintiff’s possession and cultivation, over *5 a period of years, of the property embraced in and cut off by defendant’s construction of a new fence. Upon receiving- this testimony the district judge terminated the trial on the ground that such admission of itself was more than sufficient to entitle plaintiff to the relief sought. No complaint is made of this action.
There is no showing of plaintiff’s acquiescence in defendant’s attempt to convert the nature of this suit into a petitory action and, on the contrary, such attempt was stoutly opposed. It is clear, under the provisions of Article 55 of the Code of Practice, that petitory and possessory actions may not be consolidated nor joined except by consent of the parties, although this prohibition does not bar the right of action of a defendant in a possessory action to institute a suit to establish title.
In his written reasons for judgment our learned brother of the district court cited and relied upon the holding of our brethren of the First Circuit in the case of Zuelke v. Cambre, La.App., 97 So.2d 442, 443, in which the opinion made the following observation :
“The pleadings show that this suit was instituted as a possessory action, in which the evidence is limited to the facts of possession. Article 53, Code of Practice. A possessory action cannot be converted into a petitory (title) action except by consent of both parties, Article 55, C. P.”
We think the above statement of law is incontestably sound and is controlling in the instant case.
For the reasons assigned the judgment appealed from, quieting the plaintiff in his possession of the following described property:
“Ninety-four and five-tenths (94.5) acres of land, forming part of the Saline Point, Parish of Avoyelles, Louisiana, in fractional Section Seven (7), Township Three (3) North, Range Five (5) East, which said property is further described as contained within the following boundaries: North by Old Red River, which formerly went around Saline Point; on the East by lands of the Estate of Onile Dauzat, either now or formerly; on the South by lands belonging to Cleveland Dodge, Estate of Florien Dupuy, lands of the Estate of A. A. Dupuy, lands of Gerand Gauthier and Old Red River, and on the West by lands belonging to the Estate of Wm. C. Hudson, formerly Alcide IT. Normand.”,
is affirmed, in all respects, at appellant’s cost.